30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leon NASH, Defendant-Appellant.
 No. 93-6417.
 United States Court of Appeals, Tenth Circuit.
 July 13, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is a pro se request for post-conviction relief pursuant to 28 U.S.C. 2255. On June 24, 1992, Defendant-Appellee Leon Nash ("Nash") entered a plea of guilty to one count of conspiracy to engage in wire fraud and one count of wire fraud, in violation of 18 U.S.C. 371 & 1343. Although Nash filed a direct criminal appeal on February 5, 1993, a stipulated Dismissal of Appeal was filed in the Tenth Circuit on April 27, 1993. On April 28, 1993, after consideration of the parties' stipulation, we dismissed the appeal.
 
 
 3
 On December 7, 1993, Nash filed in the district court a motion styled "Informal Request for Relief," alleging that the district court erred in its sentencing calculations.[2] Nash did not invoke 28 U.S.C. 2255, but the district court properly construed Nash's pro se motion liberally and treated it as arising under 2255. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).
 
 
 4
 "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir.1993); United States v. Frady, 456 U.S. 152, 167-68 (1982). Nash could have, but did not, challenge his sentence by pursuing his direct appeal. See 18 U.S.C. 3742. Because Nash has failed to establish the cause of this failure and prejudice resulting therefrom, and because he has not established that the failure to review his claim will result in a fundamental miscarriage of justice, his claim is procedurally barred.
 
 
 5
 Accordingly, we AFFIRM the district court's judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Nash contends that he should have received a three-point reduction for acceptance of responsibility under U.S.S.G. 3E1.1, and that he should not have received a two-level increase under U.S.S.G. 3B1.1(c) for being an "organizer, leader, manager, or supervisor" in the criminal activity