9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Mary K. HUDSON, also known as Mary Hudsmith, Defendant-Appellant.
 No. 93-6030.
 United States Court of Appeals, Tenth Circuit.
 Oct. 21, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant appeals the district court's denial of her 28U.S.C. 2255 motion challenging her conviction for bank fraud, see 18 U.S.C. 1344. Defendant asserted five grounds for relief: 1) her conviction was the product of an illegal arrest; 2) the trial court denied her due process by failing to conduct an arraignment or bond hearing following her arrest; 3) the trial court failed to appoint counsel in a timely manner; 4) the trial court denied defendant a speedy trial; and 5) defense counsel was ineffective because he failed to investigate and assert these errors, as well as the government's prejudicial delay in obtaining an indictment against defendant. The district court denied relief, determining that either these claims had already been adjudicated on their merits in a prior 2255 motion or that defendant could have raised them, but failed to do so, in the earlier proceeding.
 
 
 3
 On appeal, defendant argues that she did not receive copies of the magistrate judge's recommendation and the district court's decision resolving her first 2255 motion. That argument, however, must be addressed through proceedings on the first 2255 motion.
 
 
 4
 In this case, in order to obtain reconsideration of a 2255 claim previously denied on its merits, defendant had to establish that the "ends of justice" required the court to entertain the successive petition. See Kuhlmann v. Wilson, 477 U.S. 436, 444-45 (1986)(plurality opinion)(citing Sanders v. United States, 373 U.S. 1 (1963)). Further, in order to obtain consideration of claims asserted for the first time in the second 2255 motion, defendant had to "show cause for ... her failure to raise the claim in the earlier ... 2255 proceeding and prejudice therefrom, or ... show that a fundamental miscarriage of justice will result." United States v. Cook, 997 F.2d 1312, 1318 (10th Cir.1993). We find that the district court did not abuse its discretion in determining that defendant failed to make the requisite showings and in, therefore, dismissing defendant's second 2255 motion.
 
 
 5
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. Defendant's pending motions are DENIED as moot.
 
 
 6
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3