57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary K. HUDSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-6079.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mary K. Hudson (Hudson), appearing pro se, appeals from the district court's dismissal of her fourth petition for writ of habeas corpus under 28 U.S.C. 2255.
 
 
 3
 Hudson plead guilty to bank fraud in violation of 18 U.S.C. 1344 on December 17, 1988. She was sentenced on March 1, 1989.
 
 
 4
 On March 25, 1991, Hudson filed her first 2255 petition, alleging: (1) denial of effective assistance of counsel; (2) unfair prejudice by testimony at her sentencing hearing; (3) coerced confession; (4) unlawful search and seizure; (5) unlawful arrest and use of evidence pursuant thereto; (6) denial of rights under the Speedy Trial Act; and (7) mental incompetence to enter the plea of guilty. After careful consideration of each of Hudson's contentions, the district court denied her petition.
 
 
 5
 On October 16, 1992, Hudson filed her second 2255 petition renewing the allegations in her first petition and adding allegations of (1) denial of right to due process, and (2) denial of right to counsel. The district court dismissed this petition on the grounds that Hudson had not met the requirements of Kuhlmann v. Wilson, 477 U.S. 436 (1986), and McClesky v. Zant, 499 U.S. 467 (1991), to avoid dismissal based on successiveness and abuse of the writ.[2] This court affirmed the district court's dismissal in United States v. Hudson, 9 F.3d 118 (Table) (10th Cir.1993), cert. denied, --- U.S. ---- (1994).
 
 
 6
 On September 15, 1993, Hudson filed her third 2255 petition alleging the same factual background and theories of relief. The district court denied her petition in its November 12, 1993, Order of Dismissal.
 
 
 7
 On January 27, 1995, Hudson filed her fourth 2255 petition renewing her claims and theories for relief yet again. The district court denied her petition based on successiveness and abuse of the writ. This appeal ensued.
 
 
 8
 On appeal, Hudson raises new claims that: (1) application of 18 U.S.C. 3147 was improper; (2) her sentence was in excess of statutory maximum; (3) her sentence was inconsistent with sentencing guidelines; (4) application of U.S.S.G. 5K2.7 was inapplicable and rendered her guilty plea invalid; (5) she was denied effective assistance of counsel at sentencing; and (6) the district court abused its discretion in denying her 2255 petition. Claim (4) was not set forth in Hudson's Opening Brief. Hudson moved for permission to raise this issue in a Supplemental Brief. The motion is granted.
 
 
 9
 This court will not consider issues raised for the first time on appeal which were not presented to and ruled upon by the district court, except for issues of jurisdiction in the "case or controversy" limitation of Art. 3, Sec. 2 of the United States Constitution or soverign immunity. Neither exception applies here. Farmers Ins. Co., Inc. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). To the extent that Hudson's present appeal renews claims previously raised, this post-conviction motion is successive and constitutes an abuse of the writ.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986), holds that in order for a federal court to consider successive habeas petitions the petitioner must "supplement his claim with a colorable showing of factual innocence."
 McClesky v. Zant 499 U.S. 467, 490 (1991), holds that Fed.R.Civ.P. 9(b) prohibits new claims from being raised in subsequent habeas petitions if "petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege [such] claim[s] in the first petition" and that in order to excuse abuse of the writ the petitioner must show cause for the failure to raise the new claims in the prior habeas petition and prejudice resulting therefrom.