UNITED STATES COURT OF APPEALS

**Filed 3/12/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

    v.

TYROUS CLINTON MILLS,

    Defendant - Appellant.

No. 95-1208

(D. C. No. 95-N-851)

(D. Colo.)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, McKAY and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Tyrous Clinton Mills pled guilty to several drug distribution counts,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and he received a prison sentence of 120 months.  He did not directly appeal his sentence.  Proceeding pro se and in forma pauperis in this action, he is seeking to set aside his sentence pursuant to 28 U.S.C. § 2255 under two theories.  First, he argues his sentence is unfair because co-defendants with greater culpability were given lesser sentences.  Second, he argues the district court improperly calculated the amount of relevant drugs at five kilograms rather than two kilograms.

The district court rejected Defendant's arguments for several reasons.  First, the court found that his co-defendants received substantial downward departures because of their substantial assistance to the Government in the investigation and prosecution of other offenders.  Second, the district court found that the Presentencing Report's calculation of the amount of cocaine was sound.  Also, the court attributed only five kilograms to Mr. Mills, rather than the fifteen to fifty kilograms the Government attributed to him.

While addressing Defendant's arguments substantively, the district court noted that Defendant is attempting to litigate issues which he failed to raise on direct appeal. Generally, we do not permit issues to be raised through habeas proceedings which were not raised on direct appeal.  United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

One exception to this rule, however, is when a defendant can show cause and prejudice[1]--something which Defendant has failed to demonstrate here. Another exception exists where a defendant can show that a fundamental miscarriage of justice will occur if his claim is not addressed. United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). Defendant neither alleged or showed a fundamental miscarriage of justice here. A third exception is when a defendant asserts ineffective assistance of counsel. United States v. Galloway, 56 F.3d 1239, 1241-42 (10th Cir. 1995). In his petition, Defendant failed to make a claim of ineffective assistance of counsel.[2] Thus, we affirm the district court because Defendant is attempting to litigate claims which he waived. Additionally, he raised these claims in his petition[3] without showing cause and prejudice, without alleging a fundamental miscarriage of justice, and without alleging ineffective assistance of counsel.

---

[1]That is, a defendant must "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains . . . ." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993).

[2]Defendant belatedly made an ineffective assistance of counsel argument (for the first time in this appeal) in his "Final Brief." We will not consider issues on appeal unless they are raised with the trial court in the first instance or presented in the appellant's opening brief. See United States v. Edwards, 69 F.3d 419, 427 n.5 (10th Cir. 1995). No exceptional circumstances are present in this case to merit departure from our general rule.

[3]We, of course, liberally construe the pleadings of pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Even if Defendant properly asserted his claims, however, we would affirm on the merits for the reasons given by the district court.

AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Monroe G. McKay
Circuit Judge