F I L E D
United States Court of Appeals
Tenth Circuit

JUN 5 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LEONARD JAMES TERNES,

    Defendant-Appellant.

No. 96-5223
(D.C. No. 96-CV-358-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Ternes is a federal prisoner and a pro se litigant. He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (1994). The trial court denied the motion and Mr. Ternes appeals. We conclude Mr. Ternes is not entitled to a certificate of appealability and we dismiss this appeal as frivolous.

We must first decide if Mr. Ternes is entitled to a certificate of appealability. *See* 28 U.S.C.A. § 2253(c) (West Supp. 1997). Mr. Ternes must make a showing of the denial of an important federal right by demonstrating the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions raised deserve further proceedings. *Barefoot v. Estelle*, 463 U.S. 880 (1983); *Lennox v. Evans*, 87 F.3d 431 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 746 (1997).

Reviewing the record on appeal, we find Mr. Ternes was convicted of armed bank robbery and the carrying of a firearm during the commission of a crime of violence. He filed a direct appeal and we affirmed in an unpublished opinion dated October 29, 1993. Mr. Ternes' sole ground for relief is insufficiency of the evidence. He states he did not previously raise this argument as he "has just learned of the issues through legal research." At the crux of Mr.

Ternes' insufficiency argument is a joint stipulation agreeing the bank Mr. Ternes robbed "was a financial institution insured by the Federal Deposit Insurance Corporation." He argues this stipulation amounted to a stipulation of subject matter jurisdiction and cites law holding the parties cannot agree to confer jurisdiction upon a court. He further argues that by entering into this stipulation, counsel provided ineffective assistance of counsel. The Government raised procedural default due to Mr. Ternes' failure to raise this issue on direct appeal.

Addressing Mr. Ternes' motion, the District Court stated:

Defendant has failed to articulate any cause and prejudice, or a miscarriage of justice to excuse his failure to raise this claim on direct appeal. Even if the claim were not procedurally barred, Defendant would not be entitled to relief.

On appeal, Mr. Ternes argues "[t]he District Court can only take original jurisdiction ... if the crime was committed on property where said jurisdiction was ceeded [sic] to the Government or owned by the Government."

Mr. Ternes' argument, which is not supported by authority, has no merit. This issue is not debatable by jurists. Likewise, the trial court could not have considered Mr. Ternes' argument absent both cause and prejudice or a colorable showing of actual innocence. *See United States v. Cook*, 997 F.2d 1312, 1320

(10th Cir. 1993). Mr. Ternes makes no such showing. Consequently we must conclude this is a frivolous appeal under the meaning of 28 U.S.C.A. § 1915(e)(2)(B)(i) (West Supp. 1997).

Mr. Ternes is not entitled to a certificate of appealability. The appeal is **DISMISSED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge