**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KENNETH L. THOMPSON,

    Defendant-Appellant.

No. 96-3297
(D.C. No. 96-3236-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Robin D. Fowler, Assistant United States Attorney, and Jackie N. Williams, United States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

Carl E. Cornwall, and Lindsey P. Erickson of Cornwell & Edmonds, Overland Park, Kansas, for Defendant-Appellant.

---

Before **BRORBY, BRISCOE** and **MURPHY**, Circuit Judges.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Kenneth L. Thompson brings this *pro se* motion collaterally attacking his conviction of two counts of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (1994). Mr. Thompson states he initiated this action in the form of a 28 U.S.C. § 2241 (1994) motion, and that the district court converted his motion into a 28 U.S.C. § 2255 (1994 & West Supp. 1997) proceeding. Because Mr. Thompson challenges the legality of his convictions, we too construe his motion as proceeding pursuant to § 2255. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." (Citations omitted.)).

The district court denied his petition for relief and then, because Mr. Thompson's direct appeal from his conviction was pending before this court,[1]

---

[1] *See United States v. Thompson*, No. 96-3174 (10th Cir. July 30, 1997).

denied him a certificate of appealability. Absent issuance of a certificate of appealability, Mr. Thompson may not appeal the district court's denial of his habeas petition. 28 U.S.C.A. § 2253(c) (West Supp. 1997). Mr. Thompson now requests we grant him a certificate of appealability.

To be entitled to a certificate of appealability, Mr. Thompson must make a substantial showing of the denial of a constitutional right by demonstrating the issues raised are debatable among jurists, a court could resolve the issues differently, or that the questions deserve further proceedings. 28 U.S.C.A. § 2253; *Barefoot v. Estelle*, 463 U.S. 880, 892-93 & n.4 (1983); *Lennox v. Evans*, 87 F.3d 431, 433-34 (10th 1996), *cert. denied*, 117 S. Ct. 746 (1997); *Gallagher v. Hannigan*, 24 F.3d 68 (10th Cir. 1994).

"Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending." *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993). Mr. Thompson fails to detail any "extraordinary circumstances" warranting noncompliance with this general rule. Accordingly, the district court's initial denial of his § 2255 motion was proper, as was its subsequent refusal to grant Mr. Thompson a certificate of appealability. Because we too find Mr.

Thompson has not met the requisite standard for him to be entitled to a certificate of appealability, we deny Mr. Thompson the requested certificate of appealability.

Additionally, we deny Mr. Thompson's request in his letter of April 30, 1997 letter to supplement of the record.

The appeal is **DISMISSED**.

                          **Entered for the Court**

                          **WADE BRORBY**
                          United States Circuit Judge