**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lewis Aaron COOK, Defendant–Appellant.**

No. 93–5017.

United States Court of Appeals, Tenth Circuit.

June 25, 1993.

Submitted on the briefs: *

Lewis Aaron Cook, pro se.

Tony M. Graham, U.S. Atty., James L. Swartz, Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.

Before TACHA, BALDOCK and KELLY, Circuit Judges.

BALDOCK, Circuit Judge.

Defendant Lewis Aaron Cook appeals the district court's denial of his 28 U.S.C. § 2255 motion, raising thirty-one grounds for relief. We have jurisdiction under 28 U.S.C. § 1291.

On December 22, 1989, Defendant was convicted of two counts of possessing a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), and one count of knowingly maintaining a place for the distribution of controlled substances, 21 U.S.C. § 856(a). On April 3, 1990, the district court sentenced Defendant to prison terms of 262 months and 240 months to run concurrently, followed by five years of supervised release. That same day, Defendant filed a notice of appeal. Also on April 3, 1990, long before we decided Defendant's appeal, Defendant filed a number of motions in the district court including a motion styled "writ of habeas corpus and/or motion for new trial and/or motion to dismiss." On November 5, 1991, we decided Defendant's appeal and issued an opinion. *See United States v. Cook*, 949 F.2d 289 (10th Cir.1991). On October 6, 1992, Defendant filed a § 2255 motion in the district court.[1] In this motion, Defendant alleged:

1. Illegal search in violation of the Fourth Amendment.

2. Government witness Yvonne Cross was threatened and forced to testify.

3. Conflict of interest in that Defendant's counsel met with government witness Yvonne Cross after she refused to testify.

4. Ineffective assistance of counsel in examination of government witness Officer

---

\* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

1. The district court clerk filed the motion in the underlying criminal action, and then the clerk opened a separate file with a civil docket number. Although § 2255 motions are a continuation of the same criminal proceeding, *see* Rules Governing § 2255 Proceedings, Rule 3 and accompanying Advisory Committee Note, this practice "appears to be the result of instructions from the Administrative Office of the United States Courts." *See Williams v. United States*, 984 F.2d 28, 29–30 n. 1 (2d Cir.1993) (citing 11 Administrative Office of the United States Courts, *Guide to Judiciary Policies and Procedures: Statistics Manual* ch. V, § III(C) (1989)). "The instructions contemplate assigning a civil number '[i]n order to provide continuity with previous recording of Section 2255 motions to vacate sentence and to study the impact of such motions on civil filings and dispositions.'" *Id.* "However, the instruction also requires recording the motion and its outcome on the original criminal docket." *Id.* This practice appears to be contrary to the dictates of Rule 3 of the Rules Governing § 2255 Proceedings. Rule 3 provides "[u]pon receipt of the motion ... the clerk of the district court shall file the motion and enter it on the docket in his office *in the criminal action in which was entered the judgment to which it is directed.*" (emphasis added). The rule says nothing about assigning a separate civil docket number to the motion. Unlike state prisoner habeas proceedings brought under 28 U.S.C. § 2254 which are new civil proceedings that require a civil docket number, a motion attacking sentence brought under § 2255 is a continuation of the original criminal action and must maintain the original docket number. It appears to this court that the Administrative Office's instruction creates additional work for the district court clerks, which is particularly bothersome when the statute and rules are so clear.

Mark McCrory of the Tulsa Police Department.

5. Ineffective assistance of counsel in that counsel failed to investigate the facts of the affidavit supporting the search warrant.

6. District court curtailed cross-examination of government witnesses.

7. Ineffective assistance of appellate counsel in that counsel failed to present certain important issues to the Tenth Circuit on direct appeal.

In its order, the district court considered only the first five of these issues. The court found that it was without jurisdiction to address the first and second issues because it had previously addressed the arguments and found them meritless.[2] The district court found no support in the record for Defendant's conflict of interest assertion, and fur-

ther found Defendant had abused the writ by failing to bring his ineffective assistance of counsel claims in his first "habeas" motion.[3]

■■■ In the present appeal, Defendant raises thirty-one grounds for relief. To the extent that he failed to raise these grounds in his § 2255 motion to the district court, he has waived them.[4] *See Lucero v. United States,* 425 F.2d 172, 173 (10th Cir.1970). Furthermore, defendant did not appeal the district court's rejection of his fourth claim that his counsel was ineffective in examining government witness Officer Mark McCrory. Therefore, the district court's resolution of the issue stands.

Of the six preserved issues, we first address the four issues that were actually addressed by the district court. First, we ad-

2. Although the district court did not specify where it had previously addressed these arguments, we have located the court's rejection of the first issue in its disposition of Defendant's post-trial motion for an evidentiary hearing. We were unable to find the court's prior consideration of the second issue.

3. Although a § 2255 motion has many of the characteristics of a writ of habeas corpus, it is technically not a habeas proceeding, but is instead a motion attacking Defendant's sentence. *See* 28 U.S.C. § 2255.

4. Defendant's appellate brief contained twenty grounds not raised below which are therefore waived:

(1) the arresting officer violated Defendant's Fourth, Eighth and Fourteenth Amendment rights at the time of arrest by beating, choking and kicking Defendant; (2) Defendant was singled out for selective prosecution in the federal forum; (3) Defendant was denied due process of law because state charges were referred for federal prosecution; (4) the federal courts, upon learning that identical state charges were pending in state court, should have exercised abstention under the doctrine of *Younger v. Harris,* 401 U.S. 37 [91 S.Ct. 746, 27 L.Ed.2d 669] (1971); (5) the federal courts violated the principles of comity by taking jurisdiction over Defendant's state charges without the state court waiving its original jurisdiction; (6) the state was a mere tool and had no say in the government's taking over the state charges; (7) Defendant was denied due process of law and equal treatment at all three detention hearings; (8) Defendant's prosecution was the result of a conspiracy between a police officer and a federal agent; (9) the district court's refusal to

grant Defendant's motion for a continuance violated his Sixth Amendment rights; (10) the district court's refusal to remove a federal agent who was a government witness from the courtroom denied petitioner a fair trial; (11) Defendant was denied a fast and speedy trial; (12) the prosecution denied Defendant a fair trial by failing to disclose perjured testimony of Officer Mark McCrory, by failing to disclose the identity of the confidential informant, and by failing to produce the drugs and the property room receipt; (13) the prosecution obtained the conviction by using the perjured testimony of Officer Mark McCrory, Agent Mark Siebert, Officer Joseph H. Vandiver, Trisha Swimp, and Yvonne Cross (this ground is not waived to the extent that Defendant alleged below that Yvonne Cross was threatened and forced to testify); (14) Defendant was denied the right to call his wife as a defense witness; (15) Defendant was denied a fair trial, because the prosecution disclosed to the jury, witness Yvonne Cross' pre-trial detention status; (16) Defendant's sentence is unconstitutional because the government failed to serve notice on Defendant of its intent to use a state conviction for purpose of enhancement; (17) Defendant's sentences are unconstitutional due to the district court's reliance for enhancement purposes on void or voidable, tainted, infirm, and unconstitutionally obtained prior state convictions; (18) the district court erred in not conducting an evidentiary hearing into the validity of the former conviction used to enhance Defendant's sentence; (19) the district court erred in not requiring the government to prove the constitutionality of the former state conviction; and (20) the district court erred in accepting the probation officer's calculation of the drug quantity.

dress the district court's rejection of Defendant's Fourth Amendment claims.[5]

▮ Today, we join the Ninth Circuit and hold that Fourth Amendment violations are not reviewable in a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal. *See United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir.1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981); *Tisnado v. United States*, 547 F.2d 452, 455 (9th Cir.1976); *see also United States v. Byers*, 740 F.2d 1104, 1137 n. 90 (D.C.Cir.1984) (Robinson, C.J., concurring); *Curzi v. United States*, 773 F.Supp. 535, 540–41 (E.D.N.Y.1991), *aff'd on other grounds*, 973 F.2d 107 (2d Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993); C. Wright, 3 Federal Practice and Procedure 453, § 594 (1982). Our conclusion is supported by three Supreme Court cases.

In *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), the Supreme Court held that Fourth Amendment claims could be reviewed in § 2255 motions. *Id.* at 231, 89 S.Ct. at 1076. The Court's decision was, essentially, that § 2255 review should parallel the review afforded to state prisoners in habeas proceedings brought under § 2254, and previous decisions by the Court left no doubt that the § 2254 habeas remedy extended to those alleging Fourth Amendment violations. *Id.* at 225, 89 S.Ct. at 1073. Seven years later, the Court held in *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), that Fourth Amendment claims were not cognizable in § 2254 state habeas proceedings when the state had provided a full and fair opportunity to litigate the issue. *Id.* at 494, 96 S.Ct. at 3052. Therefore, the underlying premise of *Kaufman* was overruled by *Stone*. *See* Wayne R. LaFave & Jerold H. Israel, *Criminal Procedure*, § 27.3, at 315 n. 37 (1984)

(*Kaufman* "assumed the validity of earlier cases recognizing Fourth Amendment claims under § 2254, which were now overruled" by *Stone*). Although the Court in *Stone* did not explicitly overrule *Kaufman* to the extent *Kaufman* relied upon "the supervisory role of [the Supreme] Court over the lower federal courts," *Stone*, 428 U.S. at 481 n. 16, 96 S.Ct. at 3046 n. 16, we hold that *Kaufman* does not survive the *Stone* holding in light of the Court's policy of treating grounds for relief as equivalent under § 2254 and § 2255. *See Davis v. United States*, 417 U.S. 333, 344, 94 S.Ct. 2298, 2304, 41 L.Ed.2d 109 (1974). Furthermore, in *United States v. Johnson*, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), the Court stated:

> After *Stone v. Powell*, 428 U.S. 465 [96 S.Ct. 3037, 49 L.Ed.2d 1067] (1976), the only cases raising Fourth Amendment challenges on collateral attack are those federal habeas corpus cases in which the State has failed to provide a state prisoner with an opportunity for full and fair litigation of his claim, *analogous federal cases under 28 U.S.C. § 2255*, and collateral challenges by state prisoners to their state convictions under postconviction relief statutes that continue to recognize Fourth Amendment claims.

*Johnson*, 457 U.S. at 562 n. 20, 102 S.Ct. at 2594 n. 20 (emphasis added). From this language, it is clear that the Court intends for Fourth Amendment claims to be limited in § 2255 proceedings as they are limited in § 2254 proceedings—*i.e.*, to be addressed only if a defendant has not had a full and fair opportunity to raise the claims at trial and on direct appeal.

▮ Although the district court has previously found that Defendant had a full and fair opportunity to litigate his Fourth Amendment claims at trial, *see United States*

---

**5.** Specifically, Defendant alleges the following Fourth Amendment violations in his appellate brief: (1) the officer's affidavit was constitutionally inadequate to support a lawful search of Defendant's apartment; (2) the issuance of the search warrant "for night time service" was unlawful where the affidavit did not indicate that the property would be lost, stolen or destroyed; (3) the search warrant was issued in violation of state law in that the underlying affidavit, founded upon allegations of a confidential informant, lacked facts or reasons proving the confidential informant to be a credible or reliable person; (4) the judge issuing the warrant erred in granting night time execution when the affidavit failed to set forth special circumstances, exigencies or reasonableness for carrying out the unusual night time search of Defendant's home; and (5) the judge issuing the warrant was not neutral or detached.

*v. Cook*, No. 89–CR–107–E (N.D.Okl. May 2, 1990) (order denying post-trial motions), we remand to the district court for a determination of whether Defendant had a full and fair opportunity to raise his Fourth Amendment issues on direct appeal. We note that Defendant asserted one Fourth Amendment violation on direct appeal, which this court rejected. *See United States v. Cook*, 949 F.2d 289, 292–93 (10th Cir.1991). Where the Defendant on appeal has raised at least one Fourth Amendment issue on direct appeal, it normally would follow that Defendant had a full and fair opportunity to raise his Fourth Amendment claims on direct appeal, but because Defendant has asserted that his appellate counsel was ineffective in failing to present the other Fourth Amendment issues on direct appeal, it is possible that he was denied this opportunity. In the event that Defendant can show he was denied effective assistance of appellate counsel, the district court must address Defendant's newly raised Fourth Amendment claims.

■ Next, the district court addressed Defendant's allegation that government witness Yvonne Cross was threatened and forced to testify against him at trial.[6] Like the Fourth Amendment claim, the district court rejected this claim because it had previously addressed the argument and found it meritless. Because we were unable to find in the record where the court had previously addressed this issue, we were unable to ascertain the basis for the issue's rejection. Therefore, we remand this issue to the district court for further consideration.

■ Third, the district court rejected Defendant's conflict of interest claim, stating that "neither Cook's Petition nor anything in the record supports a conflict of interest." The district court relied on the fact that "[s]eparate counsel was retained for the co-defendants in this action and therefore any issue of conflict by virtue of multiple repre-

sentation of co-defendants was eliminated at an early stage." However, Defendant did not assert conflict of interest based on multiple representation but asserted conflict of interest by alleging that Defendant's own counsel met with government witness Yvonne Cross and encouraged her to testify against Defendant after she initially refused to testify. Because the district court did not properly address Defendant's conflict of interest assertion, we remand this issue for reconsideration.

■ Finally, the district court rejected Defendant's ineffective assistance of counsel claim that counsel failed to investigate the facts of the affidavit for the search warrant. The district court seemed to have based its rejection on Defendant's abuse of the writ.

■ Abuse of the writ occurs when claims are raised for the first time in a second or subsequent habeas petition or § 2255 motion. *McClesky v. Zant*, 499 U.S. 467, ——, —— –——, 111 S.Ct. 1454, 1465, 1470–71, 113 L.Ed.2d 517 (1991); *Sanders v. United States*, 373 U.S. 1, 13–15, 83 S.Ct. 1068, 1076–77, 10 L.Ed.2d 148 (1963) (§ 2255 abuse of writ standard is the material equivalent of § 2244 abuse of writ standard); *Andrews v. Deland*, 943 F.2d 1162, 1171 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1213, 117 L.Ed.2d 451 (1992). These claims will be dismissed unless a defendant can show cause for his or her failure to raise the claim in the earlier habeas or § 2255 proceeding and prejudice therefrom, or can show that a fundamental miscarriage of justice will result. *McClesky*, 499 U.S. at ——, 111 S.Ct. at 1470–71; *Andrews*, 943 F.2d at 1171.

■ The district court in this case improperly characterized Defendant's § 2255 motion as his second motion. It is his first § 2255 motion. Although Defendant filed a motion styled "writ of habeas corpus and/or

---

6. Defendant challenges the district court's resolution of this issue on two grounds: (1) that Defendant was denied a fair trial because Ms. Cross was forced to testify against Defendant; and (2) that the district court erred in accepting the unproven, unsupported, perjured and recanted testimony of government witness Yvonne Cross. We fully addressed the second allegation

on direct appeal. *See Cook*, 949 F.2d at 293–94 (deciding issue adversely to Defendant). Therefore, the issue is not cognizable under § 2255. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989) (absent intervening change in law of circuit, issues disposed of on direct appeal will not be considered on § 2255 collateral attack).

motion for new trial and/or motion to dismiss," which apparently was construed by the district court to be his first § 2255 motion, he filed the motion on April 3, 1990, approximately a year and a half before we decided Defendant's direct appeal. *See Cook*, 949 F.2d 289. Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending. *See* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note; *see also United States v. Gordon*, 634 F.2d 638, 638–39 (1st Cir.1980); *United States v. Davis*, 604 F.2d 474, 484 (7th Cir.1979); *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970), *cert. denied*, 402 U.S. 933, 91 S.Ct. 1530, 28 L.Ed.2d 867 (1971); *Welsh v. United States*, 404 F.2d 333 (5th Cir.1968); *Womack v. United States*, 395 F.2d 630, 631 (D.C.Cir. 1968); *Masters v. Eide*, 353 F.2d 517 (8th Cir.1965). We therefore conclude that when the district court considered Defendant's April 3, 1990 motion, it did so only as a motion for a new trial and motion to dismiss, and not as a habeas petition or § 2255 motion.

██ The district court failed to directly address two arguments raised by Defendant in his § 2255 motion: (1) whether the district court curtailed cross-examination of government witnesses; and (2) whether Defendant's counsel was ineffective in that counsel failed to present certain important issues to the Tenth Circuit on direct appeal. The court did, however, make a blanket statement that all of Defendant's motions were frivolous.

The district court's use of the word frivolous informs us that, at least as to some of Defendant's issues, the court relied on 28 U.S.C. § 1915(d). We therefore must first determine whether § 1915(d) can be applied to § 2255 proceedings. A brief history of these two sections is in order.

Section 1915(d) authorizes dismissal of any in forma pauperis proceeding if the court is "satisfied that the action is frivolous or mali-

cious." "The purpose of § 1915(d) is 'to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate.'" *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir.1991) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989)). An individual, who has had a complaint dismissed as frivolous under § 1915(d), is free to pay a filing fee and have his claim addressed.

██ Prior to the 1976 enactment of the Rules Governing § 2255 Proceedings, which became effective on February 1, 1977, this circuit, following the lead of the Supreme Court, interpreted § 2255 to be a separate civil action which required either payment of a filing fee in the district court or leave to proceed in forma pauperis by the district court. *Martin v. United States*, 273 F.2d 775, 778 (10th Cir.1960); *see also Heflin v. United States*, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 453 n. 7, 3 L.Ed.2d 407 (1958) (§ 2255 motion is an independent civil suit, not a proceeding in the original criminal action). In light of this interpretation it was permissible to dismiss a § 2255 motion as frivolous under § 1915(d) if the Defendant was proceeding in forma pauperis. *Martin*, 273 F.2d at 778. However, passage of the Rules Governing § 2255 Proceedings made it clear that § 2255 proceedings were not separate civil actions, but were instead the continuation of the same criminal matter in which filing fees or leave to proceed in forma pauperis were not required. *See* Rules Governing § 2255 Proceedings, Rule 3 and advisory committee note; *supra* note 1; *see also Williams v. United States*, 984 F.2d 28, 30 (2d Cir.1993) (Supreme Court's 1976 promulgation of Rules Governing § 2255 Proceedings indicated Court's abandonment of its prior view that a § 2255 motion was a separate civil action). In light of this 1976 development, it is not appropriate for a district court to dismiss § 2255 motions under § 1915(d).[7] Because the district court improperly dismissed as frivolous these two issues—*i.e.*, whether the

---

7. However, it is permissible in appropriate circumstances for this court to dismiss an in forma pauperis § 2255 appeal as frivolous under § 1915(d), because a filing fee or in forma pauperis status is required to appeal a district court's § 2255 determination. Fed.R.App.P. Rule 24(a).

district court curtailed cross-examination of government witnesses and whether Defendant's appellate counsel was ineffective—we must remand to the district court for reconsideration.

We note that Defendant may be procedurally barred from raising, on collateral attack, four of the issues we today remand to the district court. These issues include: (1) whether government witness Yvonne Cross was threatened and forced to testify; (2) whether Defendant's counsel encouraged Ms. Cross to testify against Defendant creating a conflict of interest; (3) whether Defendant's counsel was ineffective in failing to investigate the facts of the affidavit for the search warrant; and (4) whether the district court curtailed cross-examination of government witnesses.

Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. *See United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982); *United States v. Khan,* 835 F.2d 749, 753 (10th Cir.1987); *United States v. Cox,* 567 F.2d 930, 932 (10th Cir.1977), *cert. denied,* 435 U.S. 927, 98 S.Ct. 1496, 55 L.Ed.2d 522 (1978). A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. *Frady,* 456 U.S. at 167–68, 102 S.Ct. at 1594; *Hines v. United States,* 971 F.2d 506, 507 (10th Cir.1992); *Khan,* 835 F.2d at 753–54. A court can raise this procedural bar sua sponte. *Hines,* 971 F.2d at 508.

Defendant's failure to present the four issues listed above in his direct appeal suggests procedural default. However, Defendant's final assertion on remand—*i.e.,* that his appellate counsel was ineffective—if found by the district court to have merit, may allege sufficient cause to excuse this failure. If the district court finds that Defendant has alleged sufficient cause for his procedural default, the court must then address whether Defendant has been prejudiced by these four alleged errors.

As his eleventh ground for § 2255 relief in his appellate brief, Defendant asserts for the first time that the federal courts lacked jurisdiction over Defendant for the offenses alleged. We address this issue because jurisdictional issues are never waived and can be raised on collateral attack, *see Joe v. United States,* 510 F.2d 1038, 1041 (10th Cir.1975) (subject matter jurisdiction is always open to collateral attack); *Tooisgah v. United States,* 186 F.2d 93, 96 (10th Cir.1950) (jurisdiction can be examined when raised for the first time in a § 2255 motion), but reject Defendant's jurisdictional attack as meritless. Defendant was convicted of three offenses which fall squarely under federal jurisdiction—*i.e.,* two counts of possessing a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and one count of knowingly maintaining a place for the distribution of a controlled substance in violation of 21 U.S.C. § 856(a).

In sum, with regard to the issue of ineffective assistance of counsel in the examination of Officer McCrory, we AFFIRM. With regard to the Fourth Amendment issues, we REVERSE and REMAND for the district court to determine whether Defendant had a full and fair opportunity to raise these claims on direct appeal. With regard to all other issues—*i.e.,* whether government witness Yvonne Cross was threatened and forced to testify, whether Defendant's counsel encouraged Ms. Cross to testify against Defendant creating a conflict of interest, whether Defendant's counsel was ineffective in failing to investigate the facts of the affidavit for the search warrant, whether the district court curtailed cross-examination of government witnesses, and whether Defendant's appellate counsel was ineffective—we REVERSE and REMAND for further proceedings consistent with this opinion.