62 F.3d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dewayne Ray BUTLER, Plaintiff-Appellant,
v.
STATE of Oklahoma, Defendant-Appellee.
 No. 95-6032.
(D.C.No. 94-1827-R)
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1995.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff DeWayne Butler brought a declaratory judgment action pursuant to 28 U.S.C. 2201, asking the district court to adjudicate his rights under 12 U.S.C. 152 (repealed 1994) and 411.[2] The district court, upon a magistrate's recommendation, dismissed the case for lack of jurisdiction. Plaintiff now appeals.
 
 
 3
 "It is settled that the declaratory judgment statute does not itself confer jurisdiction on a federal court where none otherwise exists." New Mexico v. Regan, 745 F.2d 1318, 1323 (10th Cir.1984), cert. denied, 471 U.S. 1065 (1985). As explained in the magistrate's report and recommendation, plaintiff has not shown an independent basis for jurisdiction. We therefore AFFIRM the dismissal of plaintiff's complaint for substantially the reasons stated in the district court's order and the magistrate's report and recommendation.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In his brief, plaintiff also claims that his fine violated the Double Jeopardy Clause. This issue was not raised before the district court and is therefore waived. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993)