69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Randolph CARTER, Defendant-Appellant.
 No. 95-5098.
(D.C.No. CIV-95-90-E).
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MONROE G. McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant James Randolph Carter appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. We affirm the district court's decision.
 
 
 3
 Mr. Carter was indicted on a single count for possessing with intent to distribute eight ounces of methamphetamine, a Schedule II controlled substance, which converts to approximately 224 grams of methamphetamine. He pled guilty on January 2, 1991, to the one count of possession of methamphetamine with intent to distribute pursuant to 21 U.S.C. 841(a)(1). Section 841(b)(1)(A)(VIII) specifies that a conviction involving in excess of 100 grams of methamphetamine requires a minimum of ten years in prison and up to a maximum of life in prison. On May 30, 1991, he was sentenced to serve 121 months in prison with a five-year period of supervised release. The sentence of 121 months was the bottom of the Sentencing Guidelines range which had been assessed by the court as 121 months minimum to a maximum of 151 months.
 
 
 4
 Mr. Carter's counsel did not institute a direct appeal of his plea of guilty. Subsequently, Mr. Carter attempted to perfect an appeal, but failed to file his notice of intention to appeal within the statutory time, and his attempt to appeal was dismissed by this court for want of jurisdiction by order of December 20, 1991.
 
 
 5
 Mr. Carter raised two issues in this 2255 habeas corpus petition: (1) whether his sentence should have been based upon the less serious type L-methamphetamine since the government did not prove the type of methamphetamine (type D or L) that he possessed; and, (2) whether his offense level should have been based upon 1.28 ounces of "pure L-methamphetamine" since the methamphetamine he possessed was tested at sixteen percent purity. The district court rejected the defendant's arguments with regard to these issues.
 
 
 6
 In United States v. Deninno, 29 F.3d 572, 579-80 (10th Cir.1994), cert. denied, 115 S.Ct. 1117 (1995), we held that a defendant's failure to object to the type of methamphetamine being considered at sentencing precludes the defendant from raising this issue on appeal. The district court correctly held that the defendant waived his right to raise this issue in a habeas corpus petition because he failed to object to the type of methamphetamine used at sentencing.
 
 
 7
 As for the second issue, the Sentencing Guidelines in effect at the time state: "In the case of a mixture or substance containing PCP or methamphetamine, use the offense level determined by the entire weight of the mixture or substance or the offense level determined by the weight of the pure PCP or methamphetamine, whichever is greater." U.S.S.G. Section 2D1.1(c), n.* (Nov. 1, 1990). The sentencing court was correct in determining the offense level by using the entire weight of the methamphetamine mixture, rather than using the weight of the pure methamphetamine since it established the greater offense level as required by the Guidelines.
 
 
 8
 In his brief, Mr. Carter shifts the angle of the first issue by arguing that the government's failure to test the methamphetamine to determine whether it was D-Methamphetamine or L-Methamphetamine amounted to failure on the part of the government to disclose exculpatory information in violation of his right to a fair trial under United States v. Agurs, 427 U.S. 97 (1976). In short, Mr. Carter asserts that the government should have been under a constitutional duty to show that a difference existed between the two types of methamphetamine.
 
 
 9
 Appellant is correct that in some circumstances the government has a duty to disclose exculpatory information to the defendant. See, e.g., Kyles v. Whitley, 115 S.Ct. 1555 (1995). Agurs is inapplicable here, however, because the government did not withhold information from the defendant; the government and the defendant's counsel had equal access to the Sentencing Guidelines at the time of sentencing. The government cannot be placed in a position of having to anticipate and warn the defendant's counsel of potentially favorable objections. Instead, it was the responsibility of defendant's counsel to object to the government's presentencing investigative report for failing to detail the type of methamphetamine the defendant possessed. Thus, Appellant's argument is without merit.
 
 
 10
 In his brief the Appellant raises the new issue that the court's procedural bar to hearing his initial appeal because it was untimely was a denial of his right to effective assistance of counsel on his first appeal under Evitts v. Lucey, 469 U.S. 387 (1985). We cannot consider this issue since Appellant failed to raise this issue before the district court. See United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993).
 
 
 11
 We AFFIRM the district court's denial of Appellant's 2255 petition.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470