**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRE DECARLOS KING,

Defendant-Appellant.

Case No. 97-6201
(D.C. CV-97-743-C)
(Western District of Oklahoma)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Andre DeCarlos King seeks to appeal the district court's order denying his motion to vacate, set aside, or modify his sentence pursuant to 28 U.S.C. § 2255.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

For the reasons set forth below, we deny Mr. King's application for a certificate of appealability.

Mr. King pleaded guilty to a one-count information alleging that he violated 21 U.S.C. § 841(a)(1) by knowingly and intentionally possessing with the intent to distribute approximately 84 grams of cocaine base and 94.5 grams of cocaine. Following the entry of his guilty plea, the district court sentenced him to a term of imprisonment of 116 months. Mr. King did not appeal his conviction or his sentence.

On May 6, 1997, Mr. King filed a § 2255 motion alleging that the district court imposed his sentence in violation of his Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel. In particular, Mr. King alleged, his attorney had failed "to hold the government to its burden of proving by a preponderance of the evidence that the substance used for sentencing purposes was 'crack' as opposed to another form of cocaine base." Rec. doc. 16, at 5. Mr. King cited the deficient performance of his counsel as the reason for his failure to raise this issue in a direct appeal of his sentence. See id. at 6.

In denying Mr. King's motion, the district court reasoned as follows:

> The possession with intent to distribute crack, rather than powder, cocaine, is evident from the affidavit supporting the initial complaint and the transcript of proceedings at the entry of the guilty plea. The

> presentence report clearly specified amounts of both cocaine powder and cocaine base on which defendant's sentence was calculated and no objection was made to either the amounts, the type of cocaine involved, or the resulting offense level.

Rec. doc. 18 at 2 (District Court Order filed May 20, 1997). Accordingly, the court held, Mr. King's counsel was not deficient. The court subsequently denied Mr. King's application for a certificate of appealability. See id. doc. 22.

In seeking a certificate of appealability from this court, Mr. King again argues that he received ineffective assistance of counsel because his attorney did not challenge the government's failure to prove that the substance he possessed was crack cocaine. He also contends that his counsel was ineffective for failing to request the district court to depart downward from the Sentencing Guidelines. According to Mr. King, this ineffective assistance excuses his failure to file a direct appeal of his sentence and entitles him to relief under § 2255.

Mr. King's arguments lack merit. As the district court noted, a defendant's failure to raise an issue on direct appeal bars him from raising the issue in a § 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." Rec. doc. 18, at 2 ( quoting United States v. Cook , 997 F.2d 1312, 1320 (10th Cir. 1993)). In light of his guilty plea and his admissions at the change of plea

3

proceedings, we conclude that Mr. King has failed to support his allegation that he received ineffective assistance of counsel and has therefore failed to establish either cause and prejudice or a fundamental miscarriage of justice.

"[A] defendant who makes a counseled and voluntary guilty plea admits both the acts described in the indictment and the legal consequences of those acts." United States v. Allen, 24 F.3d 1180, 1183 (10th Cir. 1994). Here, the record indicates that Mr. King pled guilty to an information that alleged that he possessed with the intent to distribute both cocaine and cocaine base. Although the information itself does not specifically allege that the "cocaine base" at issue was "crack", we note that, at the change of plea proceedings, in response to the prosecutor's questions regarding the factual basis for his guilty plea, Mr. King admitted that law enforcement agents had discovered " approximately 84 grams of crack cocaine and approximately 94-and-a- half grams of powder cocaine" while executing a search warrant at his home. See Tr. of Hr'g dated March 12, 1993, at 12 (emphasis added).

In determining the facts that a defendant has admitted by pleading guilty, a court may consider not only the language of the charging document but also a defendant's statements in a plea agreement and in change of plea proceedings. See United States v. Bush, 70 F.3d 557, 562-63 (10th Cir. 1995) (considering, inter alia, defendant's statements in plea agreement and change of plea

4

proceedings in concluding that the object of the charged conspiracy was to distribute cocaine base rather than cocaine powder), cert. denied , 516 U.S. 1082 (1996). Accordingly, through his guilty plea and his answers at the change of plea hearing, Mr. King has admitted that he possessed with the intent to distribute 84 grams of crack cocaine along with approximately 94.5 grams of cocaine powder. In light of Mr. King's admissions, his counsel was not ineffective in declining to object to the government's lack of evidence regarding the substances involved.

As to Mr. King's argument regarding downward departure, we note that he was sentenced to the statutory minimum and that the district court informed him of the minimum sentence at the change of plea proceedings. See Tr. of Hr'g dated March 12, 1993 at 9. Mr. King does not argue that any of the very limited circumstances authorizing a sentencing court to depart downward from the minimum sentence established by statute are present here. See, e. g. , 18 U.S.C. § 3553(e) (authorizing departure below the statutory minimum upon the government's motion that the defendant provided substantial assistance in the investigation or prosecution of another). Mr. King's counsel was not ineffective in failing to make a fruitless request for downward departure.

Accordingly, we conclude that Mr. King has failed establish either cause and prejudice or a fundamental miscarriage of justice. Because he has failed to make "a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), we therefore deny Mr. King's application for a certificate of appealability and dismiss this appeal.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge