**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVI LYNN MURPHY,

    Defendants-Appellant.

Nos. 99-6417,
00-6007
D.C. Nos. CR-97-136-L &
CIV-98-1051-L

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, HENRY** , and **LUCERO** , Circuit Judges.

---

Davi Lynn Murphy seeks to appeal the district court's order denying her motion to correct or vacate her sentence pursuant to 28 U.S.C. § 2255. She advances the following arguments: (1) the government breached the plea agreement by failing to move for a downward departure or a sentencing reduction; (2) the government violated her Fifth Amendment rights by relying on her

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

statements to calculate the offense level; and (3) the district court erred in calculating her criminal history score. For the reasons set forth below, we deny Ms. Murphy's application for a certificate of appealability and dismiss this appeal.[1]

## I. BACKGROUND

In October 1997, Ms. Murphy pleaded guilty to a one count information charging her with conspiring to possess with the intent to distribute cocaine base, a violation of 21 U.S.C. § 841(a)(1). The district court sentenced her to 210 months' imprisonment. Ms. Murphy did not file a direct appeal of her conviction or sentence.

In July 1998, Ms. Murphy filed the instant § 2255 motion. She argued that the district court had improperly calculated her base offense level and her criminal history score and that she had received ineffective assistance of counsel. She based her ineffective assistance of counsel claim on her lawyer's advising her to plead guilty and on her lawyer's failing to object at sentencing to the district court's determination of the offense level and criminal history score. She also

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See  Fed. R. App. P. 34(a)(2);  10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

2

argued that the government had improperly relied on accomplice testimony in contravention of the panel opinion in United States v. Singleton, 144 F.3d. 1343 (10th Cir. 1998), rev'd en banc, 165 F.3d 1297 (10th Cir. 1999), cert. denied, 527 U.S. 1024 (1999).

The district court concluded that Ms. Murphy was procedurally barred from raising these claims. It noted that she had failed to raise the claims on direct appeal and that she had failed to establish either cause and prejudice for the procedural default or a fundamental miscarriage of justice arising out of the failure to consider her claims.

The court specifically rejected Ms. Murphy's argument that her lawyer's failing to challenge the government's calculation of her offense level constituted ineffective assistance of counsel. The court reasoned that Ms. Murphy had admitted in the change of plea proceedings that the substance involved in the offense was crack cocaine. The court also noted that the presentence report's calculation of the offense level was based on statements from Ms. Murphy. As a result, the court stated, Ms. Murphy's lawyer was not ineffective for failing to challenge the government's reliance on her own statements.

As to Ms. Murphy's criminal history score, the district court assumed, without deciding, that it had erred in two respects: (1) in relying on a 1985 conviction (which Ms. Murphy allege not consider pursuant to USSG §

3

4A1.2(e)(3) because it was more than ten years old): (2) in relying on a 1992 charge (which Ms. Murphy alleged had been dismissed). The court concluded that those assumed errors had not affected Ms. Murphy's sentence: "[E]ven if the court were to sustain defendant's belated objections, the sentenced imposed would still be within the revised guideline range and the court would have imposed the same sentence." Rec. doc. 36 at 7. (District Court Order, filed Dec. 9, 1998).

## II. DISCUSSION

In the district court proceedings, Ms. Murphy did not raise the first two claims that she now advances in her appellate brief— that the government breached the plea agreement by failing to move for a downward departure or a sentencing reduction and that the government violated her Fifth Amendment rights by relying on her statements to calculate the offense level. Ordinarily, we do not consider arguments raised for the first time on appeal. United States v. Alamillo, 941 F.2d 1085, 1086 (10th Cir. 1991); see also United States v. Cook, 997 F.2d 1312, 1316 (10th Cir. 1993) (concluding that grounds for relief not raised in a § 2255 motion in the district court were waived on appeal). Here, we discern no extraordinary circumstances warranting consideration of the new arguments raised by Ms. Murphy. Therefore, we will not address them.

4

Ms. Murphy did raise her third claim in the district court proceedings, arguing that the district court erred in calculating her criminal history score and that her lawyer was ineffective in failing to challenge the district court's determination. Here, we agree with the analysis adopted by the district court.

The district court noted that, absent the challenged offenses, the Guideline range would have been 188 to 235 months. Including the challenged offenses, the range set forth in the presentence report was 210 to 262 months. The court's finding—that it would have imposed the same 210 month sentence even if the two challenged offenses had been excluded from her criminal history—forecloses Ms. Murphy's argument that she was prejudiced by the challenged errors.

Accordingly, we DENY Ms. Murphy's application for a certificate of appealability and DISMISS this appeal.

Entered for the Court,

Robert H. Henry
United States Circuit Judge

5