F I L E D
**United States Court of Appeals
Tenth Circuit**

**SEP 11 2002**

**PATRICK FISHER
Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Respondent - Appellee,

v.

TONY GLEN ADKINS,

        Petitioner - Appellant.

No. 01-3206
(D.C. Nos. 01-CV-3106-RDR,
98-CR-40041-RDR)
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Tony Glen Adkins, proceeding pro se, requests a certificate of appealability (COA) to challenge the district court's order denying his petition to

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255.

Mr. Adkins was convicted by a jury of possession of a firearm by a felon, and sentenced to 180 months' imprisonment. His sentence was imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The facts underlying his conviction are set forth in this court's resolution of his direct appeal, United States v. Adkins, 196 F.3d 1112, 1114 (10th Cir. 1999), which affirmed his conviction and sentence, id. at 1118-19.

A COA will be granted only if an appellant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where, as here, the district court has denied a petition on the merits, a COA will issue only if reasonable jurists could debate that the district court erred in its assessment of the constitutional claims. See Slack, 529 U.S. at 484.

As a preliminary matter, we must determine if we have jurisdiction over this appeal. Mr. Adkins' notice of appeal was received by the court on June 26, 2001, one day after the filing deadline of June 25. See Fed. R. App. P. 4(a)(1)(B) (notice of appeal due sixty days after final order entered). The notice was mailed from the prison where Mr. Adkins is incarcerated. We assume that it was presented to prison officials for mailing at least one day before it was received by the court, or no later than June 25. Because the notice of appeal was presented

-2-

for mailing from the prison on or before the due date of June 25, it was timely under the prison-mailbox rule. Houston v. Lack , 487 U.S. 266, 276 (1988) (holding that pro se prisoner's notice of appeal deemed "filed" when delivered to prison officials). Accordingly, this court has jurisdiction over the appeal.

Mr. Adkins seeks a COA on the following three issues: (1) the trial court was without subject-matter jurisdiction over the felon-in-possession charge because there was no requirement that the prohibited acts have an effect on interstate commerce and, therefore, the statute he was convicted of violating was beyond the reach of the Commerce Clause, (2) his enhanced sentence under the Armed Career Criminal Act was in error because the indictment did not charge his previous felony, and (3) he received ineffective assistance of counsel due to his attorney's failure to raise the first two issues at trial and on direct appeal.

Mr. Adkins did not present his Commerce Clause argument or the corresponding claim of ineffective assistance of counsel to the district court in his § 2255 motion. Consequently, we do not address these claims for the first time on appeal. United States v. Mora , 293 F.3d 1213, 1216 (10th Cir. 2002) ("[W]e find no reason to deviate from the general rule that we do not address arguments presented for the first time on appeal."). We note, however, that this argument has been rejected. See United States v. Dorris , 236 F.3d 582, 584-86 (10th Cir. 2000), cert. denied , 532 U.S. 986 (2001).

We turn to Mr. Adkins' sentencing argument in which he asserts that his sentence under the Armed Career Criminal Act was in error. [1] This claim is procedurally barred because he did not raise this claim in his direct appeal. Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996). Therefore, we may not consider the merits of the claim unless Mr. Adkins establishes cause for his failure to raise the issue earlier and actual prejudice as a result, or a fundamental miscarriage of justice if we do not consider it. United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993). This court may sua sponte raise procedural bar. Id. Ineffective assistance of counsel can excuse procedural default but "only if the error amounts to constitutionally ineffective assistance of counsel." Rogers, 91 F.3d at 1391. Therefore, we consider Mr. Adkins' claim of ineffective assistance of counsel based on his attorney's failure to raise the sentencing argument at trial and on direct appeal.

To establish that counsel provided ineffective assistance, a defendant must establish both that his attorney's representation was deficient and that the attorney's substandard performance prejudiced him. See Strickland v.

---

[1] Mr. Adkins attempts to add a claim to his sentencing argument that was not presented to the district court in his § 2255 petition and was not raised in his direct appeal. He asserts that one of his previous convictions used to enhance his sentence should not have been used because his civil rights had been restored as to that conviction. We do not address the merits of this claim because we do not address issues raised for the first time on appeal. See Mora, 293 F.3d at 1216.

Washington, 466 U.S. 668, 687 (1984). "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue." United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995).

We hold that Mr. Adkins did not receive constitutionally ineffective assistance of counsel for counsel's failure to raise the issue of the enhanced sentence under the Armed Career Criminal Act on the ground that the indictment did not charge his previous felony. This argument would not have prevailed under the reasoning of Dorris. There, this court applied Almendarez-Torres v. United States, 523 U.S. 224 (1998), and held that a defendant's prior convictions need not be charged or treated as elements of his offense in order to form the basis for an enhanced sentence under the Armed Career Criminal Act. Dorris, 236 F.3d at 586-88.

We conclude that it is not reasonably debatable that the district court erred in its assessment of Mr. Adkins' claims. See Slack, 529 U.S. at 484.

Accordingly, Mr. Adkins' request for a COA is DENIED and the appeal is

DISMISSED.  The mandate shall issue forthwith.

Entered for the Court


Stephen H. Anderson
Circuit Judge