UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL E. DIESEL,

    Defendant - Appellant.

No. 09-3112
(D.C. Nos. 2:08-CV-02549-JWL and
2:05-CR-20005-JWL-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Michael Diesel, a federal inmate appearing pro se,

seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence. 1 R. Doc. 129. Because Mr. Diesel has

not made "a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2), we deny his request for a certificate of appealability ("COA") and

dismiss the appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

On August 29, 2006, Mr. Diesel was convicted by a jury of three counts of

tax fraud in violation of 26 U.S.C. § 7206(1). 1 R. Doc. 97 at 1. He was

sentenced to 42 months' imprisonment followed by one year of supervised

release. 1 R. Doc. 97 at 2-3. On direct appeal, we affirmed his convictions and

sentence. United States v. Diesel, 238 F. App'x 398 (10th Cir. 2007) (unpublished). On November 3, 2008, Mr. Diesel sought relief pursuant to § 2255, raising two claims: ineffective assistance of trial counsel and ineffective assistance of appellate counsel. 1 R. Doc. 113 at 5-7. After the district court denied his § 2255 motion, Mr. Diesel brought this appeal. 1 R. Doc. 130. Before this court, Mr. Diesel argues that he was (1) denied effective assistance of trial counsel; (2) denied effective assistance of appellate counsel; and (3) denied due process through prosecutorial misconduct.[1] Aplt. Br. 2.

In order to obtain a COA, Mr. Diesel must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484; see Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). Accordingly, to prevail on his ineffective assistance claims, Mr. Diesel must show that it is reasonably debatable that his counsel rendered deficient performance that fell below an objective standard of reasonableness and that Mr. Diesel was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984); Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir. 2002). There is prejudice if there is a reasonable probability that, but for the deficient

---

[1] Because Mr. Diesel waived his prosecutorial misconduct claim by not raising it as an independent claim in the § 2255 motion before the district court, we decline to consider it here. See United States v. Cook, 997 F.2d 1312, 1316 n. 4 (10th Cir. 1993).

performance, the result would have been different.  <u>Strickland</u>, 466 U.S. at 694.

This standard applies to claims of ineffective assistance of appellate counsel as

well as to claims of ineffective assistance of trial counsel.  <u>United States v. Cook</u>,

45 F.3d 388, 392 (10th Cir. 1995).  After reviewing the record in its entirety, we

conclude that the district court's assessment of Mr. Diesel's claims is not

reasonably debatable.

    Most of Mr. Diesel's arguments focus on a stipulation that he entered into

before trial, which stated that Mr. Diesel "effectively controlled the use and

disposition of [trust] funds for his own purposes."  1 R. Doc. 115 at Ex. H, ¶ 2.

According to Mr. Diesel, the stipulation was intended to mean only that the trust

funds were not disbursed for the benefit of the beneficiary, not that he had made

use of the funds for personal purposes.  Aplt. Br. 24.  Mr. Diesel argues that his

trial counsel's performance was deficient because counsel did not object to the

government's use of the stipulation to show that Mr. Diesel had made use of the

funds for personal purposes and did not introduce the "proper" understanding of

the stipulation.  Aplt. Br. 29-32.  However, trial counsel did not render deficient

performance by not objecting to the government's arguments.  The government

had ample evidence that it could have introduced to show that Mr. Diesel in fact

used funds diverted into a trust for his own personal purposes.  The stipulation

was tactical and consistent with the defense strategy of avoiding the introduction

of inflammatory evidence showing that Mr. Diesel ultimately used the funds to

purchase a yacht and jet, which—though not titled in his name—were used for his personal purposes.[2]  See Bullock, 297 F.3d at 1044 (stating that "we give considerable deference to an attorney's strategic decisions"); Hale v. Gibson, 227 F.3d 1298, 1323 (10th Cir. 2000) (holding that defense counsel "made a reasonable strategic decision").

Mr. Diesel also raises other arguments that we have considered and reject as not reasonably debatable.  For example, he argues that trial counsel was ineffective by not objecting to Jury Instruction No. 14 (regarding the definition of income) as well as Jury Instruction No. 17 (regarding good faith defense), Aplt. Br. 33-35, and by not raising a good faith defense, Aplt. Br. 36-43.  We reject these arguments for substantially the same reasons as the district court.[3]  Mr. Diesel also argues that his appellate counsel was ineffective, in that counsel failed to raise the argument on appeal that Jury Instruction No. 14 applied the wrong

---

[2] Mr. Diesel argues that the evidence shows that, at worst, he should only be liable for the "equivalent ticket value of his use of the[] assets" rather than the full value of the assets.  Aplt. Br. 25 n.11.  The strength of the government's evidence, however, is sufficient such that we cannot say that, had counsel made all the arguments urged by Mr. Diesel, there is a reasonable probability that the jury would have reached a different result.  Therefore, there is no showing of prejudice.  See Strickland, 466 U.S. at 694.

[3] In particular, Mr. Diesel's argument that his counsel did not raise a good faith defense is groundless.  Not only did the jury receive an instruction with regard to the "good faith" defenses, but his counsel acknowledged at one point that "[Mr. Diesel's] state of mind is our entire defense."  R. Doc. 83 at 649-50.  Defense counsel also put on a witness—an attorney—to testify regarding the advice he had given Mr. Diesel, R. Doc. 83 at 593-604, and stressed Mr. Diesel's state of mind during closing arguments, R. Doc. 83 at 708-10, 717-33.

legal standard. Aplt. Br. 11, 13-22. Under our precedent, appellate counsel need not raise meritless issues; in order to show that appellate counsel was ineffective, there must be a reasonable probability that the argument would have resulted in a different outcome. See Smith v. Workman, 550 F.3d 1258, 1268 (10th Cir. 2008); Upchurch v. Bruce, 333 F.3d 1158, 1163-64 (10th Cir. 2003). We are not persuaded that the district court's conclusion that the argument was not meritorious is reasonably debatable.

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge