**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

CORNELIUS KENYATTA CRAIG,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 20-1318
(D.C. No. 1:20-CV-01698-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH, MURPHY** and **CARSON**, Circuit Judges.

_____

This appeal stems from Mr. Cornelius Kenyatta Craig's habeas

petition under 28 U.S.C. § 2241. In the habeas petition, Mr. Craig

challenges the validity of his sentence. The district court dismissed the

petition, ruling that Mr. Craig's sole remedy lay in a motion to vacate the

sentence under 28 U.S.C. § 2255. Mr. Craig appeals, arguing that (1) he

---

[*]    We conclude that oral argument would not materially aid our
consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir.
R. 34.1(G). We have thus decided the appeal based on the record and Mr.
Craig's brief.

Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

showed cause and prejudice or a miscarriage of justice to avoid a procedural default, (2) the limitations period was equitably tolled, and (3) he showed that a motion under § 2255 would be inadequate and ineffective. We affirm.

Mr. Craig's appellate argument reflects confusion as to three distinct issues: (1) procedural default, (2) timeliness, and (3) statutory jurisdiction. The district court rejected the claim based on the third issue—statutory jurisdiction. But Mr. Craig's appellate arguments relate primarily to the first and second issues.

The first issue, procedural default, involves a federal court's refusal to consider a § 2255 motion when a federal prisoner failed to properly pursue the claim on direct appeal. *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). But the district court didn't rely on procedural default. So this argument doesn't help Mr. Craig.

The second issue, timeliness, relates to a limitations period applicable to federal prisoners challenging a sentence under § 2255. 28 U.S.C. § 2255(f). But Mr. Craig is challenging the sentence under § 2241 (rather than § 2255), and there is no statute of limitations for petitions invoking § 2241. As a result, the district court didn't rely on timeliness. So this argument does not help Mr. Craig either.

The district court instead relied solely on a lack of statutory jurisdiction. In addressing statutory jurisdiction, the court relied on two

2

distinct ways that a federal prisoner can collaterally challenge the validity of a sentence: (1) a habeas petition under § 2241 and (2) a motion to vacate a sentence under § 2255. A habeas action under § 2241 is available only if a motion to vacate the sentence under § 2255 would prove inadequate or ineffective. *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). And the remedy under § 2255 is inadequate or ineffective only if the federal prisoner lacked an opportunity to test the legality of his conviction or sentence in a motion to vacate under § 2255. *Id.* at 584, 588. This opportunity is considered unavailable only if the federal prisoner could not have raised the claim in an initial § 2255 motion. *Id.* at 584.

The district court concluded that Mr. Craig had failed to show that a remedy under § 2255 would be inadequate or ineffective. In response, Mr. Craig argues that he has not been provided an "adequate or effective opportunity to test the legality of his detention on direct review." Appellant's Opening Br. at 7. But Mr. Craig does not question his ability to raise his claim in a § 2255 motion. We thus affirm the dismissal of Mr. Craig's habeas petition.

In connection with the appeal, Mr. Craig moves for leave to proceed in forma pauperis and amend his opening brief. We grant leave to proceed in forma pauperis, but we deny leave to amend the opening brief.

In the motion for leave to amend the opening brief, Mr. Craig argues that a pending Supreme Court case (*Edwards v. Vannoy*, 140 S. Ct. 2737

3

(2020)) will address the merits of his underlying claim. But again, the district court concluded that the absence of statutory jurisdiction prevented consideration of the merits. So the anticipated Supreme Court opinion is unlikely to affect the outcome. We thus affirm the dismissal without waiting for the Supreme Court to decide *Edwards v. Vannoy*.

Entered for the Court


Robert E. Bacharach
Circuit Judge