**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEBORAH MEYER,

    Defendant-Appellant.

No. 98-3272
(D. Kan.)
(D.Ct. No. 98-CV-3270)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Deborah Meyer filed a 28 U.S.C. § 2255 motion challenging her

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conviction for robbery and firearm offenses. The district court denied her motion and request for a certificate appealability. We deny Ms. Meyer's request for a certificate of appealability and dismiss her appeal.

In February 1997, authorities arrested Ms. Meyer in connection with the armed robbery of a restaurant in Wichita, Kansas.[1] She pled guilty to three counts of violating 18 U.S.C. § 1951(a) for conspiracy to obstruct, attempt to obstruct, and actual obstruction of commerce by robbery, one count of carrying or using a firearm during and in relation to an attempted crime of violence under 18 U.S.C. 924(c), and one count of carrying or using a firearm during and in relation to a crime of violence resulting in the murder of a person through use of a firearm under 18 U.S.C. § 924(j)(1). The district court subsequently sentenced Ms. Meyer to 117 months in prison. Ms. Meyer did not file a direct appeal.

In her § 2255 motion before the district court, Ms. Meyer argued she received ineffective assistance of counsel because her attorney advised her to plead guilty to the firearm charges even though she did not carry or use a firearm, possess concrete knowledge the other defendants carried or used a gun, or control

_____

[1] The facts surrounding the robbery are set forth in *United States v. Pearson*, 159 F.3d 480, 481-82 (10th Cir. 1998), a case involving a co-defendant.

the other defendants' actions in committing the robbery. She also argued that because the authorities obtained her confession and information about the crime by telling her she was only a "witness" and not a suspect, the officers violated her Fifth Amendment privilege against self-incrimination.

In its review of the § 2255 motion and Ms. Meyer's claim of ineffective assistance of counsel, the district court found "more than sufficient evidence" supported Ms. Meyer's participation as an aider and abettor in the robbery. The district court noted Ms. Meyer received the court's instructions on aiding and abetting prior to sentencing, and at the sentencing hearing she acknowledged her understanding that her guilty plea to the aiding and abetting charges subjected her to the same sentence as a principal participant. Based on those facts, the district court found Ms. Meyer knowingly and voluntarily entered her guilty plea, and therefore waived all non-jurisdictional challenges to her conviction. The district court also determined that because Ms. Meyer did not move to suppress any of her statements made to law enforcement authorities, no evidentiary record existed to analyze her claim that they forced her to make inculpatory statements through unconstitutional methods.

On appeal, Ms. Meyer renews the same issues raised in her § 2255 motion.

She also contends the district court erred in finding her guilty plea voluntary, and claims she "was unaware of the elements of the offenses to which she pled guilty."

Unless Ms. Meyer can show she did not knowingly and voluntarily plead guilty, she waives all non-jurisdictional challenges to her conviction. *See United States v. Wright*, 43 F.3d 491, 494 (10th Cir. 1994). We review the voluntariness of Ms. Meyer's guilty plea *de novo*, *see United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996), and determine its validity by examining "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). A guilty plea entered on the advice of counsel is invalid if the advice is "not within the range of competence demanded of attorneys in criminal cases." *Id.*

Our review of the record, including the colloquy between Ms. Meyer and the district court during the plea hearing, demonstrates her full cognizance of the charges to which she pled guilty. Specifically, Ms. Meyer acknowledged that she knew the potential penalty for aiding and abetting in the robbery was the same as if she actually committed the crime. Ms. Meyer admitted talking with the others in planning the robbery and telling them the location of the money, how to access

the money, and which individuals would be on duty. She further admitted knowing the other defendants possessed some kind of weapon or gun when they left to rob the store (*id.* at 43-44), and acknowledged that even if she did not carry the weapon or go to the store with the others, she could be guilty of aiding and abetting the others in carrying or using a firearm. Instead of pursuing the claims she now raises in her § 2255 motion, she decided to accept the prosecution's plea agreement. Nothing in the record establishes she did not knowingly or voluntarily enter her guilty plea.

We review *de novo*, as a mixed question of law and fact, the issue of whether Ms. Meyer received ineffective assistance of counsel based on her attorney's advice to plead guilty. *See United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997). To prevail, she must show her "'counsel's representation fell below an objective standard of reasonableness,'" and that the deficient performance prejudiced her. *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). To establish prejudice, she must show a reasonable probability exists that, but for her counsel's unprofessional error, the result of the proceeding would have been different. *Id.*

Nothing in the record suggests the advice Ms. Meyer's attorney gave

recommending she plead guilty to the firearm or other charges fell outside the range of competency or proficiency demanded of attorneys in criminal cases. As the district court pointed out, sufficient evidence existed plainly showing Ms. Meyer's participation in aiding and abetting the robbery. This evidence reasonably prompted her attorney to advise her to plead guilty in order to receive a reduced sentence.[2] We agree with the district court that her attorney "clearly was not ineffective in advising her to plead guilty as an aider and abettor," because a jury conviction on the indictment would likely have resulted in a more severe sentence similar to those of her co-defendants, whose sentences ranged from twenty-four years to life. Thus, Ms. Meyer failed to show her counsel's representation fell below an objective standard of reasonableness.

As for the inculpatory statements made by Ms. Meyer to authorities, the district court properly concluded that no evidentiary record exists to analyze her claim that law enforcement authorities used improper methods to obtain those statements. In addition, Ms. Meyer failed to present this issue on direct appeal, a fact that bars her from raising the claim in her § 2255 motion, unless she can

_____

[2] Based on Ms. Meyer's guilty plea and substantial assistance to the government, the sentencing judge departed from the sentencing guideline range of 360 months to life and sentenced her to 117 months.

show (1) cause excusing her procedural default and actual prejudice resulting from the error of which she complains, or (2) a fundamental miscarriage of justice will occur if her claim is not addressed. *See United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). Ms. Meyer makes no showing under either prong.

In order to obtain a certificate of appealability, Ms. Meyer must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). In doing so, Ms. Meyer must demonstrate the district court's disposition of her § 2255 motion is debatable, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings. *Id.* A review of the record establishes Ms. Meyer failed to make the requisite showing for a certificate of appealability.

For the foregoing reasons, we deny Ms. Meyer's request for a certificate of appealability and **DISMISS** her appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge