**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CRESCENCIANO PENA,

      Defendant-Appellant.

No. 99-8039
(D.C. No. 97-CV-090-J)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR,** Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

Defendant-Appellant Crescenciano Pena was convicted of two counts of

possessing a controlled substance with intent to distribute, 21 U.S.C. § 841(a)(1),

(b)(1)(B)(iii), and one count of knowingly maintaining a place for the distribution

of controlled substances, 21 U.S.C. § 856(a). On direct appeal to this court, Pena

argued, among other things, that the police officer's search of his vehicle leading

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to the discovery of 19 kilograms of cocaine violated the Fourth Amendment. We rejected this claim. See United States v. Pena, 920 F.2d 1509, 1515 (10th Cir. 1990).

Pena subsequently filed a petition with the district court pursuant to 28 U.S.C. § 2255, in which he alleged ineffective assistance of trial and appellate counsel based on their alleged failure to contest the legality of the officer's search and to argue that Pena was a mere courier of the drugs and should not be held accountable for all 19 kilograms. The district court rejected these claims and declined to issue a certificate of appealability. Construing his pro se pleadings liberally, Pena apparently now asks this court to grant a certificate of appealability on the following questions: (1) Whether his counsel was ineffective for failing contest the admissibility of evidence seized as a result of the search; (2) Whether he gave proper consent for the officer to search his vehicle in the manner that led to the discovery of the cocaine; and (3) Whether he should have been held accountable for the full 19 kilograms of cocaine for which he was sentenced.

First, it is clear from the record that Pena did in fact challenge the legality of the officer's search on appeal, see United States v. Pena, 920 F.2d at 1515, and thus we do not find any merit in Pena's ineffective assistance claim. Second, this court has expressly held that "Fourth Amendment violations are not reviewable in

a § 2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal." United States v. Cook, 997 F.2d 1312, 1317 (10th Cir. 1993). It is clear from the record and the opinion issued by this court denying Pena's direct appeal that he did have a full an fair opportunity to litigate this issue at trial and on appeal. Consequently, we cannot review his Fourth Amendment claim in this § 2255 motion. Third, Pena could have raised his challenge to accountability for the full 19 kilograms on direct appeal, and he has made no indication that he would be able to show cause and prejudice for excusing this defect, nor that a miscarriage of justice would otherwise result. Consequently, we cannot consider this claim. See United States v. Talk, 158 F.3d 1064, 1067 (10th Cir. 1998) ("'A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion , unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed.") (quoting United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982).

We therefore deny Pena's request for a certificate of appealability.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge