**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAIME MENDEZ,

      Defendant-Appellant.

No. 01-2099
(D.C. No. CIV-00-1051)
(New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

---

Jaime Mendez, a pro se federal prisoner, moves this court for a certificate

of appealability in order to appeal the district court's denial of his request for

relief under 28 U.S.C. § 2255. We deny his request and dismiss the appeal.

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Mendez was indicted for possessing with intent to distribute more than 500 grams of methamphetamine. After he filed a motion to suppress, the district court held a hearing on the matter and denied the motion. Mr. Mendez subsequently pled guilty pursuant to an unconditional plea agreement which contained a non-binding stipulation that Mr. Mendez was entitled to a reduction in his sentence under the "safety valve" provision of 18 U.S.C. §3553 (f). Mr. Mendez' sentencing hearing was continued due to a dispute over whether he was in fact entitled to treatment under this provision, which does not apply if a defendant has more than one criminal history point. *See id.* §3553 (f)(1). When the sentencing proceeding was resumed, the court concluded that Mr. Mendez had four criminal history points and was therefore not eligible for a safety valve reduction. Mr. Mendez was sentenced to 120 months incarceration and five years of supervised release. Although he subsequently filed a direct appeal, this court dismissed it upon his motion.

Mr. Mendez raises the following issues in his section 2255 motion. He claims that his guilty plea was involuntary, that the district court erred in denying his motion to suppress, and that his counsel was ineffective in advising him to enter the plea and to waive his appeal. The matter was referred to a magistrate judge, who recommended that relief be denied. After Mr. Mendez filed objections to the magistrate judge's report, the district court adopted the report,

denied relief, and denied Mr. Mendez' request for a certificate of appealability.

Mr. Mendez' collateral challenge to the voluntariness of his guilty plea is procedurally defaulted by his failure to pursue the matter on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). The claim can therefore only be raised in this proceeding if Mr. Mendez shows cause and prejudice for his default, or that he is actually innocent. *Id.* at 622. He contends he can establish cause because his counsel was ineffective in allegedly advising him to abandon his direct appeal. As the magistrate judge pointed out, the record demonstrates that counsel for Mr. Mendez filed a notice of appeal and designated the record, thus preserving Mr. Mendez' appeal rights. When Mr. Mendez signed the motion to dismiss his appeal, he acknowledged that he knew he had a right to the appeal and was electing instead to withdraw it. He has offered nothing to indicate that his counsel was ineffective in any regard with respect to the dismissal. Accordingly, he is barred from raising the voluntariness of his guilty plea.

Even if the claim were properly before us, we would hold it without merit. Mr. Mendez contends that his plea was involuntary because his counsel gave him erroneous advice with respect to the availability of the safety valve provision. The Supreme Court has held, however, that in order to successfully challenge the voluntariness of a guilty plea on the basis of ineffectiveness of counsel, a petitioner must show that "there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Mr. Mendez has never stated that he wants to have his guilty plea vacated and to go to trial. It appears from the record that once the parties realized Mr. Mendez would not be entitled to a safety valve reduction, his counsel asked him if he wanted to withdraw his plea and go to trial and Mr. Mendez declined to do so. Likewise in this court he does not seek vacation of his plea, but argues only that he should have the right to appeal the denial of his motion to suppress. Accordingly, his challenge to the voluntariness of his plea is without merit.

Finally, we turn to Mr. Mendez' argument that the district court erred in denying his suppression motion. "Fourth Amendment violations are not reviewable in a §2255 motion when the federal prisoner has had a full and fair opportunity to litigate the Fourth Amendment claim at trial and present issues on direct appeal." *United States v. Cook*, 997 F.2d 1312,1317 (10th Cir. 1993). Mr. Mendez had such an opportunity here. The district court held a hearing on the matter at which Mr. Mendez testified, and Mr. Mendez' attorney preserved his right to appeal the lower court's decision. As we have discussed above, Mr. Mendez has presented no evidence tending to show that his attorney was ineffective with respect to his appeal rights. Accordingly, we conclude that Mr. Mendez was provided the requisite full and fair opportunity to raise his Fourth

Amendment claims both in the district court and on appeal. These claims are therefore not reviewable in this proceeding.

For the reasons set out above, we conclude that Mr. Mendez has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c); *Lennox v. Evans*, 87 F.3d 431 (10th Cir. 1996). We therefore **DENY** his motion for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge