**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEPHEN W. WILSON, also known
as Stephen Johnson, also known as
Stephen W. Bailey,

Defendant-Appellant.

No. 01-5027
(D.C. No. 99-CV-273-K,
96-CR-114-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **McKAY** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant seeks a certificate of appealability (COA) in order for this court to review the denial of his motion to vacate his sentence brought under 28 U.S.C. § 2255. In order to obtain a COA, defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court rejected defendant's constitutional claims on the merits, "[defendant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Defendant was convicted of manufacturing marijuana by production in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and of aiding and abetting in violation of 18 U.S.C. § 2. Following the partial grant/partial denial of his motion to suppress evidence, he entered a conditional guilty plea and was sentenced to the statutory minimum sentence of sixty months' imprisonment, followed by four years' supervised release. He also received a $10,000 fine, the mandatory special monetary assessment, and was directed to participate in substance abuse treatment.

On appeal, defendant claimed that the search warrant, which netted the evidence seized, was obtained by an affidavit containing false and misleading statements, as well as omissions, and that probable cause remained lacking even after several statements were redacted. He also challenged the district court's

determination that he was not eligible for a sentence reduction pursuant to USSG § 5C1.2. We upheld the district court's determination that the corrected affidavit, which was based on an aerial flyover of the property on which the marijuana plants were growing, supplied sufficient probable cause for the search warrant. We also upheld the sentence.

In his § 2255 motion, he alleged that the search warrant was illegally obtained in violation of the Fourth Amendment because of an earlier "illegal observation/entry/search of defendant's property" by then-Undersheriff Stinnett, a fact allegedly concealed from the issuing state judge. Aplt. App. at 28. Because defendant did not raise this issue on direct appeal, it was necessary to frame the issue as the denial of ineffective assistance of trial or appellate counsel in order to avoid procedural bar. Id. at 29. Defendant also claims his trial counsel was ineffective for failing to pursue other issues concerning the flyover that preceded issuance of the warrant. Id. Finally, he claimed ineffectiveness of appellate counsel for failing to raise the above issues on appeal. Id.

The district court determined that an evidentiary hearing was unnecessary because the § 2255 motion lacked merit. The court held that the Fourth Amendment claim was not cognizable in a post-conviction proceeding under Stone v. Powell, 428 U.S. 465 (1976), because he had had a full and fair

opportunity to litigate the issue at trial and on appeal.    See United States v. Cook   ,

997 F.2d 1312, 1317 (10th Cir. 1993).

The court next considered defendant's claim of ineffective assistance of

trial counsel based on counsel's failure to pursue the alleged initial illegality of

Undersheriff Stinnett's search and several issues concerning the aerial flyover

preceding the issuance of the warrant.  The court applied the analysis of

Strickland v. Washington   , 466 U.S. 668, 687-88 (1984), which requires the

defendant to show both that counsel's performance was deficient and that

deficient performance caused prejudice.  The court ruled that defendant had failed

to show that counsel's failure to develop the Fourth Amendment claim fell outside

the range of reasonable professional assistance because the claim itself lacked

merit, i.e., that Undersheriff Stinnett's visual observation of the marijuana was

not obtained by an unconstitutional search.    [1]

The court next determined, based on the strength of testimony at the

hearing on the motion to suppress evidence, that trial counsel's abandonment of

---

[1]    The court found, based on the record, that Undersheriff Stinnett had crossed a chain gate and a livestock gate on commercially leased property adjacent to that of defendant and stood on a tank battery to overlook the fence surrounding the subject property and view the marijuana.  The court defined this as standing "outside the curtilage of the house and in the open fields."  Aplt. App. at 164 (footnote omitted).

the claim that the flyover pilot had failed to maintain the proper altitude was not deficient performance under Strickland. Aplt. App. at 165-66.

Finally the court ruled that defendant was not denied the effective assistance of appellate counsel because this court would have declined to hear the Fourth Amendment claim based on waiver and because ineffective assistance of trial counsel claims cannot be brought on direct appeal, but rather by way of a § 2255 motion. See United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (ineffectiveness of counsel should be raised in § 2255 proceedings, not direct appeal).

On appeal, defendant raises four issues: (1) he was denied due process because the district court ruled against him on an "open fields" theory not raised by the government, thereby denying him the opportunity to argue the point and that, in any event, the district court's ruling is wrong; (2) the district court erred in denying him a hearing on the alleged illegal actions of Undersheriff Stinnett; (3) trial counsel was ineffective for not adequately pursuing the issue of Undersheriff Stinnett's illegal actions; and (4) appellate counsel provided ineffective assistance by failing to raise issue No. 3. Aplt. Br. at 2-3. We review de novo the legal rulings underlying the court's denial of defendant's § 2255 motion and the court's factual findings for clear error. United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000), cert. denied, 121 S. Ct. 1406 (2001).

According to defendant, the government relied on an "independent origin" for the searches and seizures following the initial viewing of the property by Undersheriff Stinnett. Aplt. Br. at 4. However, he has failed to support this argument by including the government's response in his appendix, as is his obligation. See 10th Cir. R. 10.3(B), (D). Moreover, to the extent defendant appears to be attacking the search warrant itself, he is barred from raising in a § 2255 motion issues raised on direct appeal. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

To assess the prejudice prong of Strickland, we must determine whether the visual observation by Undersheriff Stinnett of defendant's marijuana plants constituted a Fourth Amendment violation. We need go no further than California v. Ciraolo, 476 U.S. 207 (1986), and Oliver v. United States, 466 U.S. 170 (1984), to hold it did not. Had the aerial flyover occurred without the benefit of Undersheriff Stinnett's visual observations (but simply based on his suspicions), we would have the factual situation of Ciraolo, in which a flyover was conducted in a "physically nonintrusive manner." The Court held it irrelevant that the "observation from the aircraft was directed at identifying the plants [as marijuana]." Ciraolo, 476 U.S. at 213. The question was not whether defendant manifested a desire and intent to keep his garden private and protected from observation, but whether that expectation was one "society is prepared to honor."

-6-

Id. at 214. Defendant does not argue that Undersheriff Stinnett was within the curtilage [2] of his home when he viewed the marijuana plants. See Aplt. Br. at 33 ("The oil tank battery was 20 feet from the curtilage yard fence. . . .").

We have held that surrounding one's property "with an eight-foot fence, locked gates, and numerous signs reading 'No Trespassing' and 'Private Game Shelter'" is not a sufficient expectation of privacy the government is required to respect. United States v. Lewis, 240 F.3d 866, 871 (10th Cir. 2001). In doing so, we relied on Oliver, in which the Court held that the Fourth Amendment protects not "the merely subjective expectation of privacy, but only those expectation[s] that society is prepared to recognize as 'reasonable.'" 466 U.S. at 177 (quotation omitted). The Court found unworkable a case-by-case approach requiring police officers "to guess before every search whether landowners had erected fences sufficiently high, posted a sufficient number of warning signs, or located contraband in an area sufficiently secluded to establish a right of privacy." Id. at 181. The Court also noted that "the general rights of property protected by the common law of trespass have little or no relevance to the applicability of the Fourth Amendment." Id. at 183-84.

---

[2] The curtilage encompasses "the area around the home to which the activity of home life extends," Oliver, 466 U.S. at 182 n.12, and "associated with the sanctity of a man's home and the privacies of life." Id. at 180 (quotation omitted).

Moreover, an "open field" does not need to be either open or a field as those terms are commonly used. United States v. Dunn, 480 U.S. 294, 304 (1987) (holding no constitutional violation occurred when officers crossed ranch-style perimeter fence and similar interior fences before stopping at locked front gate of barn). And, even Undersheriff Stinnett's trespass onto private property does not transform his actions into a search under the Fourth Amendment. See United States v. Pinter, 984 F.2d 376, 379 (10th Cir. 1993) (citing Oliver, 466 U.S. at 183-84 & n.15). Undersheriff Stinnett's "method of observation was not so invasive, extraordinary, or unexpected that the observations invaded any legitimate expectation of privacy." United States v. Hendrickson, 940 F.2d 320, 323 (8th Cir. 1991) (climbing ladder from adjacent commercial storage unit and cutting chicken wire ceiling to look into defendant's unit did not infringe legitimate privacy expectation).

For these and substantially the reasons stated by the district court, we agree that defendant has failed to demonstrate a Fourth Amendment violation

cognizable in a post-conviction proceeding.  Accordingly, we DENY the application for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge