**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PHILLIP BREDY,

Defendant-Appellant.

Nos. 02-6245, 02-6273
(D.C. No. 01-CV-1358-T and
98-CR-135-T)
(W. D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL, HENRY,** and **HARTZ** , Circuit Judge.

Following his conviction on federal robbery and firearms charges in 1998,

Movant Phillip Bredy received a sentence of life in prison. He appealed, and this

court affirmed his conviction and sentence in a published opinion. *United States*

*v. Bredy*, 209 F.3d 1193 (10th Cir. 2000). On August 27, 2001, Movant filed a

motion under 28 U.S.C. § 2255, challenging his conviction and sentence on a

number of grounds. The district court denied the motion in an order entered

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

July 24, 2002. Movant now seeks a certificate of appealability (COA) from this court, so that he may appeal the district court's decision. He also seeks leave to proceed *in forma pauperis* (IFP). We deny his request for a COA and his request to proceed IFP.

In his § 2255 motion, Movant raised a number of claims, which we now summarize briefly. First, Movant alleged that he received ineffective assistance of counsel prior to his trial, during his trial, and during his appeal. Second, he alleged that there was no federal jurisdiction over him at the time of his arrest on federal charges. Movant argues that because he was on release under a state bail bond when the federal authorities arrested him, he was in the constructive custody of the state and thus should not have been subjected to a federal arrest. Third, Movant alleged that the indictment failed to provide adequate notice of the charges against him. One of the counts in the indictment charged Movant with violating the Hobbs Act, 18 U.S.C. § 1951. Although the Hobbs Act requires that such an offense be committed "knowingly," the indictment did not specifically refer to the *mens rea* required for the offense.

Fourth, Movant alleges that the government violated *Old Chief v. United States*, 519 U.S. 172 (1997), when, upon Movant's rejection of the government's offer to redact information from records concerning his prior conviction, the government introduced records which were redacted to show only

the length of the Movant's sentence and not the nature of his conviction.  Fifth, Movant claims that the trial court applied the wrong standard in evaluating his Rule 29 motion.  He had moved the court to dismiss the indictment on the ground that the government had failed to establish the "effect on interstate commerce" element of the charge under the Hobbs Act.  Movant contends that the government was required to show that his conduct had a "substantial effect" on interstate commerce, while the trial court ruled that the government had to prove only a "de minimis" effect.

Sixth, Movant contends that the application of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to his case violated the Ex Post Facto Clause, because the prior convictions supporting the enhancement of his sentence took place before the enactment of the ACCA.  Movant's seventh claim is that the prosecutor engaged in misconduct in seeking a sentencing enhancement under the ACCA, because the prosecutor knew that Movant's convictions predated the ACCA. Eighth, Movant alleges that members of the jury were prejudiced by seeing him in restraints at trial.  The trial court, after consulting counsel, had instructed the members of the jury not to draw any negative inferences from the fact that they may have seen Movant wearing handcuffs.  Although Movant agreed to this instruction, he later moved for mistrial on this ground and on the ground that the jurors may have seen him wearing a stunbelt.

Movant's ninth claim is that the Three Strikes statute, 18 U.S.C. § 3559(c), was improperly applied to his case, because of the age of his previous convictions. His tenth claim is that the application of the ACCA and the Three Strikes statute violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Eleventh, he argues that 18 U.S.C. § 922(g) was improperly applied to his case. Movant was convicted under the statute of possessing a firearm that had moved in interstate commerce. According to Movant, this conviction violates the Ex Post Facto Clause because the interstate movement of the firearm occurred prior to the enactment of 18 U.S.C. § 922(g).

Although Movant raised all these claims in his original § 2255 motion, it does not appear that he wishes to pursue all of them on appeal. For example, Movant stated in his Motion for Leave of Court to File Supplementation that he is dropping his *Apprendi* challenges.

A person seeking a COA must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the standard for granting a COA depends on whether the district court reached the merits of a movant's claims in denying the § 2255 motion. "Where a district court has rejected the constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

On the other hand, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* We recognize that in examining whether the district court's "resolution was debatable amongst jurists of reason," we should not undertake a "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003). Rather, "[t]he COA determination under § 2253(c) requires an *overview* of the claims in the habeas petition and a general assessment of their merits." *Id.* (emphasis added).

In denying the § 2255 motion in this case, the district court reached the merits of two of Movant's claims—that he had received ineffective assistance of counsel and that the Three Strikes statute was unfairly applied to enhance his sentence. Our review of the briefs and record leads us to conclude that the district court's evaluation of those claims was neither debatable nor wrong.

The district court relied on a procedural ground to deny relief as to Movant's remaining claims. The district court began its analysis concerning these claims by observing that Movant had raised only two issues in his direct appeal—

the district court's denial of his motion to suppress witness identifications and the district court's imposition of an enhanced sentence under the Three Strikes Statute. Most of the claims raised in Movant's § 2255 motion had thus not been asserted on direct appeal. "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993).

Here, Movant suggested that the cause for his failure to pursue his claims on appeal was his attorney's inadequate performance. The district court discussed a number of Movant's claims from the perspective of whether his attorney had provided ineffective representation with respect to those particular issues. The court determined that Movant had not shown that he had received ineffective assistance of counsel as to his claim that the indictment was defective, his *Old Chief* claim, his claim about the government's burden under the Hobbs Act, his claim regarding the application of the ACCA, his prosecutorial misconduct claim, his claim that the jury was prejudiced by seeing him in restraints, his *Apprendi* claims, and his claim regarding the application of 18 U.S.C. § 922(g).

The district court did not specifically address whether Movant had established that his attorney had provided ineffective assistance with respect to his challenge to federal jurisdiction. As we explained above, Movant alleges that he was in constructive state custody at the time federal authorities arrested him and that the federal government lacked jurisdiction to prosecute him. In order to demonstrate that his attorney's failure to pursue this jurisdictional argument amounted to ineffective assistance of counsel, Movant would have to "show that counsel's performance was deficient," in that the performance "fell below an objective standard of reasonableness," and "show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Movant cannot show that it was objectively unreasonable for his attorney to fail to pursue his challenge to jurisdiction, because such a challenge would have lacked any merit. *See, e.g., Weekes v. Fleming*, 301 F.3d 1175, 1180 n.4 (10th Cir. 2002) (When two sovereigns assert jurisdiction over a criminal defendant at the same time, the "defendant does not have standing to complain of or choose the manner in which each sovereign proceeds against him so long as his constitutional rights in each trial are not violated." (internal quotation marks and citation omitted).)

We agree with the district court that Movant has not established cause for failing to raise the majority of his claims on direct appeal and that these claims

were hence procedurally barred. We hold that the district court's procedural ruling would not be debatable among jurists of reason.

Therefore, for substantially the same reasons set forth in the district court's July 24, 2002, order, we reject Movant's request for a COA. We also deny his request to proceed IFP. We grant his motion for leave to file supplementation.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge