FILED
United States Court of Appeals
Tenth Circuit

November 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 10-5080 |
| v. | (N.D. Oklahoma) |
| CHRISTOPHER LAMAR GOODLETT, | (D.C. Nos. 4:09-CV-00774-JHP-FHM and 4:07-CR-00010-JHP-1) |
| Defendant - Appellant. | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Christopher Lamar Goodlett was indicted in the United States District Court for the Northern District of Oklahoma on one count of being a felon in possession of a firearm and ammunition, *see* 18 U.S.C. § 922(g)(1), and one count of possession of an unregistered firearm, *see* 26 U.S.C. § 5861(d). After the district court denied his motion to suppress, Mr. Goodlett pleaded guilty but reserved the right to appeal the denial. On appeal we affirmed the decision of the district court. *United States v. Goodlett*, 287 F. App'x 699, 704 (10th Cir. 2008) (unpublished). Mr. Goodlett then filed a motion for relief under 28 U.S.C. § 2255. The district court denied his motion and his application for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal

dismissal of § 2255 motion).  He now seeks a COA from this court. We deny the application and dismiss the appeal.

## I.    BACKGROUND

Tulsa police officer Keith Osterdyk was investigating an alleged violation of a protective order in the early morning of November 28, 2006, when he encountered Mr. Goodlett walking down a street about a mile from the victim's home.  Osterdyk thought that Mr. Goodlett resembled the description of the suspect, so he pulled up next to him, shined his flashlight at him, rolled down his window, and asked Mr. Goodlett for his name.  Mr. Goodlett responded "Chris." Osterdyk then asked if he had any identification.  When Mr. Goodlett stated that he had none, Osterdyk got out of his patrol car and walked toward him.  At that point Osterdyk noticed a pistol-grip handle and what appeared to be a shotgun protruding from Mr. Goodlett's coveralls.  The officer drew his gun, handcuffed Mr. Goodlett, removed the shotgun from his clothes, and arrested him.

Mr. Goodlett moved to suppress the firearm, arguing that Osterdyk did not have reasonable suspicion to stop him.  After an evidentiary hearing the magistrate judge prepared a Report and Recommendation (R&R) recommending that the motion to suppress be denied.  Mr. Goodlett's attorney filed a 10-page objection to the R&R.  The district court denied the defense objections and adopted the R&R.

Mr. Goodlett pleaded guilty to both counts of his indictment but reserved the right to appeal the denial of his motion to suppress. We affirmed the denial of the motion to suppress, holding that even if Mr. Goodlett was seized within the meaning of the Fourth Amendment, there was reasonable suspicion to justify the stop. *See Goodlett*, 287 F. App'x at 703–04.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

On appeal Mr. Goodlett presents two arguments: (1) that the R&R was based on unreasonable determinations of fact and (2) that his attorney was constitutionally ineffective for failing to comply with Federal Rule of Criminal Procedure 59 when objecting to the R&R. We address each of these arguments in turn.

### A. Magistrate Judge's Ruling

We need not resolve the merits of Mr. Goodlett's argument that the R&R was based on unreasonable determinations of fact, because the argument is procedurally barred. When an issue should have been raised on direct appeal, the defendant ordinarily can raise the issue in a § 2255 motion only if the defendant raised it on direct appeal but the appellate court failed to address it. If the issue was fully addressed by the appellate court, it is not cognizable under § 2255, *see United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993), unless the law of the circuit has changed, *see United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). And "[s]ection 2255 motions are not available to test the legality of matters which should have been [but were not] raised on direct appeal," unless the movant "can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed," *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) (noting the "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice"). Mr. Goodlett does not contend that any issue raised in his § 2255 motion was raised but not addressed on his direct appeal. Nor does he argue that circuit law has changed since his direct appeal. Rather, he contends that some of his arguments challenging the R&R's fact findings were not made on appeal. But he did not argue in district court that there was cause for his failure

to do so, nor does he argue cause on this appeal, even though the district court clearly set out the cause-and-prejudice requirement. Further, the district court correctly determined that barring Mr. Goodlett from pursuing this argument in his § 2255 motion would not result in a miscarriage of justice.

The district court's resolution of this claim was neither debatable nor wrong.

### B. Ineffective Assistance of Counsel

Mr. Goodlett's ineffective-assistance-of-counsel claim is not procedurally barred, because there is no requirement that such a claim be raised on direct appeal. *See Massaro*, 538 U.S. at 509. To establish that his counsel was ineffective, he must show both "that counsel's representation fell below an objective standard of reasonableness" and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697.

Mr. Goodlett's complaint is that his attorney failed to comply with Federal Rule of Criminal Procedure 59 in challenging the R&R on his pretrial motion to suppress. Rule 59 allows parties to object to a magistrate judge's recommended

disposition with "specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). Failure to object in accordance with the rule waives a party's right to review. *See id.* In denying the motion to suppress, the district court observed that Mr. Goodlett's counsel had not made specific written objections but had merely restated the arguments originally presented in the motion to suppress. Mr. Goodlett argues that his attorney's mistake prevented him from challenging the R&R.

We need not determine whether defense counsel erred in not objecting more specifically. Mr. Goodlett's argument must fail because he can show no prejudice. His attorney's possible violation of Rule 59 did not hamper review of the R&R by the district court or by this court on direct appeal. Both the district court and this court addressed his contentions on the merits. The district court stated:

> In spite of Defendant's arguments to the contrary, based on the totality of the circumstances, the Court agrees with the Magistrate Judge that the officers possessed a reasonable suspicion that Defendant had been engaged in criminal activity sufficient to justify their stopping and questioning Defendant pursuant to the standards articulated in *Terry v. Ohio*, 392 U.S. 1 (1968).

Order at 3, *United States v. Goodlett*, No. 07-CR-10-JHP (N.D. Okla. March 19, 2007). Similarly, we affirmed the denial of the motion to suppress because "[g]iven the totality of the circumstances, . . . we must agree that Officer Osterdyk had a basis for reasonable suspicion to briefly detain Mr. Goodlett and

request his name and information." *Goodlett*, 287 F. App'x at 704. Nowhere does our order state that we ignored some contention of Mr. Goodlett's because of his attorney's procedural errors.

Mr. Goodlett is not entitled to a COA on this issue because he has not shown that the district court's resolution was debatable or wrong.

## III. CONCLUSION

We DENY the application for a COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge